**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DEWEY BARNETT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 4:21 cv 907 DDN |
| | ) |
| D. MARSHAIK, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Garrette Bellew for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and assesses an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court ordera plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner must forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court requires plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the Maryville Treatment Center in Maryville, Missouri. On July 22, 2021, he jointly filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 with nine other inmates of the Jefferson County Detention Center. (Docket No. 1). Plaintiff was the only person to sign the complaint, and the only person to file a motion for leave to proceed in forma pauperis. (Docket No. 1 at 10; Docket No. 2).

On December 14, 2021, the Court ordered the nine plaintiffs who had not signed the complaint stricken from this action. (Docket No. 5). Separate cases were then opened for each of them. The Court noted that the instant action would proceed with plaintiff only.

3

## The Complaint

Plaintiff's complaint is brought under 42 U.S.C. § 1983 and names as defendants Sheriff D. Marshaik, Jail Administrator Brenda Short, Sergeant Dennis, Corporal Crew, and Jefferson County Detention Staff Crews 1-4. Defendants Marshaik and Short are sued in both their individual and official capacities. Plaintiff does not indicate the capacity in which the remainder of the defendants are sued.

In the "Statement of Claim," plaintiff asserts that on March 17, 2020, he "witnessed the preventable death by suicide" of another inmate. (Docket No. 1 at 3). This suicide was also witnessed by the nine other inmates listed in the complaint, and occurred while they were all in the custody of the Jefferson County Detention Center.

Plaintiff alleges that defendants housed "inmates in a pod with no emergency call system due to it being down for [maintenance] updates to the system." He further accuses "the custody staff" of failing to "do any type of safety/security checks routinely with the exception of court procedures."

When the inmate hanged himself "from the pod shower rod," plaintiff states that he "removed the noose…from his neck" with the assistance of two others. (Docket No. 1 at 4). Meanwhile, additional inmates "beat on [the] pod glass to" get the attention of detention center staff. Four minutes later, correctional officers responded and separated plaintiff from the other inmates, for questioning by a detective.

Plaintiff contends that "[a]ll the staff from administration to custody" have been negligent in "knowingly housing inmates with no emergency call button and failing to do adequate security/safety checks or housing [inmates] in a part of the facility that worked properly." He notes that after the suicide, the inmates in the affected pod were moved. Plaintiff concludes that "[t]he

4

Sheriff and his staff are responsible for [inmate] safety [and] they failed to keep [the deceased] offender…alive."

Based on this incident, plaintiff states that everyone who witnessed the suicide has suffered "undue mental trauma and stress." He seeks $500,000 in damages "for the negligence of the Sheriff and staff." (Docket No. 1 at 5).

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, claiming that he has suffered mental distress due to the suicide of another inmate. Because plaintiff is proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's complaint is subject to dismissal. However, he will be given the opportunity to file an amended complaint.

### A. Deficiencies in Complaint

Plaintiff's complaint is deficient and subject to dismissal for several reasons. First, with regard to the official capacity claims against Sheriff Marshaik and Jail Administrator Short, the Court notes that such claims are treated as being made against their employer, Jefferson County. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (explaining that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"). However, plaintiff has failed to allege facts demonstrating that his constitutional rights have been violated due to an unconstitutional Jefferson County policy, custom, or failure to train. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing municipal liability "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

As to Sergeant Dennis, Corporal Crew, and Jefferson County Detention Staff Crews 1-4, plaintiff has not indicated the capacity in which they are sued. When a complaint is silent as to the capacity in which a defendant is sued, the complaint is interpreted as containing only official capacity claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). Official capacity claims are treated as being made against defendants' employer, which in this case is Jefferson County. As previously explained, however, plaintiff has not adequately asserted that Jefferson County is liable due to an unconstitutional policy, custom, or failure to train.

The Court further notes that even if it was assumed that all defendants were sued in an individual capacity, plaintiff has not adequately alleged each person's responsibility. *See S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) ("Government officials are personally liable only for their own misconduct"). That is, 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). In this case, plaintiff's "Statement of Claim" refers generally to "[t]he Sheriff and his staff," without providing any indication as to what each person actually did or did not do to violate plaintiff's constitutional rights.

Plaintiff has also failed to establish that his own constitutional rights were violated. His allegations assert that defendants acted negligently. A showing of negligence, however, is not sufficient to demonstrate a due process violation. *See Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2472 (2015) (explaining that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"). Moreover, while plaintiff asserts that defendants are responsible for his safety, he has not demonstrated how the suicide of an inmate made him unsafe. In other words, plaintiff seems – at least in part – to be bringing a claim on behalf of the deceased inmate. He is not allowed to do this. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)

(stating that "[a] prisoner cannot bring claims on behalf of other prisoners"); and *Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (explaining that plaintiff did not have "standing to assert" a constitutional claim on behalf of another person). Instead, plaintiff must show that his own constitutional rights were violated.

For all these reasons, plaintiff's complaint is subject to dismissal. Because he is a self-represented litigant, the Court now provides him an opportunity to file an amended complaint according to the instructions set forth below. Plaintiff **must** follow these directions in preparing his amended complaint.

### B. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed.

Plaintiff should fill out the complaint form in its entirety, and ensure that it is signed by him. The claims contained within the complaint should relate to the violation of his *own* constitutional rights. That is, plaintiff should not attempt to bring claims on behalf of other inmates.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each

claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff **must** specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is

not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within **thirty days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting

testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. As discussed above, the Court has determined that plaintiff's complaint is subject to dismissal, and has ordered him to file an amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of at least $1.00 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order in accordance with the

instructions set forth above, the Court shall dismiss this case without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 21st day of December, 2021.

                                               /s/ David D. Noce
                                       **UNITED STATES MAGISTRATE JUDGE**