**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GARRETTE BELLEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00907-RWS |
| | ) | |
| D. MARSHAK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on review of Plaintiff Garrette Bellew's amended complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss the claims against Sheriff Marshak, Jail Administrator Short, Sergeant Dennis, and Corporal Crew. However, the Court will direct the Clerk of Court to issue process on Officer Gullett in his individual capacity as to Bellew's claim of excessive force.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Bellew is a self-represented litigant who is currently incarcerated at the Maryville Treatment Center in Maryville, Missouri. On July 22, 2021, he jointly filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 with nine other inmates of the Jefferson County Detention Center. (Docket No. 1). Bellew was the only person to sign the complaint, and the only person to file a motion for leave to proceed in forma pauperis. (Docket No. 1 at 10; Docket No. 2).

2

On December 14, 2021, the Court ordered the nine plaintiffs who had not signed the complaint stricken from this action. (Docket No. 5). Separate cases were then opened for each of them. The Court noted that the instant action would proceed with Bellew only.

On December 21, 2021, the Court granted Bellew's motion for leave to proceed in forma pauperis and assessed an initial partial filing fee. (Docket No. 6). Because he was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that Bellew's complaint was subject to dismissal because he had failed to state a claim against any of the listed defendants, and because he had failed to show that his constitutional rights were violated.

Rather than dismissing the case outright, the Court directed Bellew to file an amended complaint on a Court-provided form. He was given thirty days in which to comply. Bellew submitted his amended complaint on January 10, 2022. (Docket No. 7).

### The Amended Complaint

Bellew's amended complaint is brought pursuant to 42 U.S.C. § 1983. He names Sheriff D. Marshak, Jail Administrator Brenda Short, Officer Gullett,[1] Sergeant Dennis, and Corporal Crew as defendants. (Docket No. 7 at 1). All defendants are sued in their individual capacities only. (Docket No. 7 at 2-4). The amended complaint contains allegations of excessive force and a failure to train and supervise.

In his "Statement of Claim," Bellew asserts that on March 17, 2020, while he was an inmate at the Jefferson County Jail, he "witnessed an inmate commit suicide by hanging himself in the

---

[1] In the case caption and the "Statement of Claim," Bellew refers to Officer "Gullett." (Docket No. 7 at 1, 4-5). However, in the attachment to the amended complaint where he names the parties, he refers to Officer "Gunnette." (Docket No. 7 at 3). It is clear from the entirety of the amended complaint that "Gullett" and "Gunnette" are the same person. For the sake of clarity, the Court will refer to this defendant as Officer Gullett, as he is identified in the case caption.

upper Pod 3 shower." (Docket No. 7 at 4). Bellew "and two other pre-trial detainees removed the noose," while other inmates gained the bubble officer's attention by beating "on the Pod door and windows."

When officers responded, Officer Gullett told Bellew to exit his cell and placed him in hand restraints. Bellew asserts that Officer Gullett used "more force than necessary" to drag him "down a flight of stairs" on the way to the administrative segregation unit. While enroute to administrative segregation, Bellew alleges that Officer Gullett "picked [him] up [and] slammed [him] on the ground." (Docket No. 7 at 5). As Bellew lay "face down on the ground," Officer Gullet "pressed down on" him. Then, Officer Gullet lifted "himself up in the air and struck [Bellew] in [his] face with [Gullett's] knee." Bellew contends that this constituted excessive force and was done with malicious intent. With regard to Sheriff Marshak, Jail Administrator Short, Sergeant Dennis, and Corporal Crew, Bellew accuses them all of failing "to supervise or train the officers."

Bellew further states that there were "no emergency call buttons or routine safety/security checks" in his Pod at the Jefferson County Jail, and that "there were other operational areas to house [him] and other inmates." He asserts that Sheriff Marshak, Jail Administrator Short, Sergeant Dennis, and Corporal Crew "were negligent in their duty to provide a safe [and] humane environment," which put him at substantial risk of harm. Bellew concludes his "Statement of Claim" by noting that he "was stripped naked and put in a suicide cell."

As a result of this incident, Bellew "incurred bruising to [his] left cheek and other swelling to [his] wrists from the hand restraints," as well as emotional and mental distress. He seeks $500,000 in damages. (Docket No. 7 at 6).

## Discussion

Bellew is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, accusing defendants of excessive force and failing to train or supervise. Because he is proceeding in forma pauperis, the Court has reviewed his amended complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss the claims against Sheriff Marshak, Jail Administrator Short, Sergeant Dennis, and Corporal Crew. However, the Court will direct the Clerk of Court to issue process on Officer Gullett in his individual capacity as to Bellew's claim of excessive force.

### A.  Excessive Force Claim Against Officer Gullett

Bellew has sued Officer Gullett in an individual capacity, accusing him of excessive force. As a preliminary matter, the Court notes that Bellew's prisoner status at the time of this incident is not entirely clear. Bellew has checked the box in the form complaint indicating that he is a convicted and sentenced state prisoner. (Docket No. 7 at 2). However, the events in the amended complaint took place while Bellew was being held at the Jefferson County Jail, and he implies that he might have been a pretrial detainee. As discussed below, the Court has determined that Bellew's allegations are sufficient for purposes of initial review under either the Eighth or Fourteenth Amendment.

"The Eighth Amendment does not apply to pretrial detainees, but the Due Process Clause of the Fourteenth Amendment imposes analogous duties on jailers to care for detainees." *Christian v. Wagner*, 623 F.3d 608, 613 (8th Cir. 2010). To that end, the Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). *See also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (stating that "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in

5

accordance with due process of law"); and *Smith v. Conway Cty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (stating that "the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not"). Analysis of excessive force claims under the Due Process Clause focuses on whether the defendant's purpose in using force was "to injure, punish, or discipline the detainee." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014). The Fourteenth Amendment gives state pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). Indeed, pretrial detainees are afforded greater protection than convicted inmates in the sense that the Due Process Clause prohibits the detainee from being punished. *Id*.

Meanwhile, the Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992). *See also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). *See also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically"). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

In this case, Bellew states that Officer Gullett used excessive force against him "with malicious intent." To support this proposition, he states that Officer Gullett told him to exit his cell, which he did. Once Bellew was in hand restraints, Officer Gullett dragged him down a flight of stairs. Then, while Bellew was still in restraints, Officer Gullett "picked [him] up [and] slammed [him] on the ground." While Bellew was face down on the ground, Officer Gullett struck him in the face with his knee. Given that Bellew was face down and in restraints, there is no indication that the application of this force was required to maintain or restore discipline. The Court must accept these allegations as true and make all reasonable inferences in Bellew's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). As such, the Court will direct the Clerk of Court to issue process on Officer Gullett in his individual capacity as to Bellew's claim of excessive force.

## B. Claims Against Sheriff Marshak, Jail Administrator Short, Sergeant Dennis, and Corporal Crew for Failure to Train or Supervise

Bellew has alleged that Sheriff Marshak, Jail Administrator Short, Sergeant Dennis, and Corporal Crew are liable to him for failure to train or supervise their subordinate correctional officers.

Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged

deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

With regard to a supervisor, "a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). *See also Morris v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020) ("To state a claim against a supervisor, a plaintiff must show that the supervising official, through his own individual actions, violated the Constitution").

In this case, Bellew has not shown a causal connection between any action on the part of these four defendants and any alleged deprivation of his rights. That is to say, Bellew provides no indication as to what each individual defendant did or did not do to harm him. Instead, he merely lists Sheriff Marshak, Jail Administrator Short, Sergeant Dennis, and Corporal Crew as defendants, and broadly accuses them of violating his constitutional rights. This type of conclusory pleading is not sufficient to state a claim. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"). In short, Bellew has not established that Sheriff Marshak, Jail Administrator Short, Sergeant Dennis, and Corporal Crew directly participated in a constitutional violation.

Furthermore, to establish a failure to train or supervise, Bellew "must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts," which "requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996). He has provided no allegations regarding such notice. Instead, as previously noted, he has simply identified these four defendants and recited a cause of action. This is not

sufficient to state a claim. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice").

For these reasons, Bellew's claims against Sheriff Marshak, Jail Administrator Short, Sergeant Dennis, and Corporal Crew for failing to train or supervise must be dismissed.

### C. Claims Against Sheriff Marshak, Jail Administrator Short, Sergeant Dennis, and Corporal Crew for Failure to Provide a Safe and Humane Environment

Bellew has also accused Sheriff Marshak, Jail Administrator Short, Sergeant Dennis, and Corporal Crew of being "negligent in their duty to provide a safe [and] humane environment." He asserts that there were "no emergency call buttons or routine safety/security checks," that defendants "knew [there] was a substantial risk of harm to" him, and that he "was stripped naked and put in a suicide cell."

With regard to the "emergency call buttons" and "safety/security checks," it appears that Bellew is complaining about the situation he believes led to another inmate's suicide. However, Bellew has no standing to bring claims on behalf of other prisoners. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (stating that "[a] prisoner cannot bring claims on behalf of other prisoners"); and *Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (explaining that plaintiff did not have "standing to assert" a constitutional claim on behalf of another person). In other words, Bellew must allege a personal loss. *See Sargent*, 780 F.2d at 1337.

As to Bellew's contention that Sheriff Marshak, Jail Administrator Short, Sergeant Dennis, and Corporal Crew "were negligent in their duty," he has stated only an unsupported conclusion, which is not entitled to the presumption of truth. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) ("A pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief"). Moreover, "liability for

9

negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley*, 135 S.Ct. at 2472. Accordingly, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Finally, regarding Bellew's assertion that he "was stripped naked and put in a suicide cell," he provides no facts identifying which of the defendants did this to him, or that establish that such an action constituted misconduct resulting in a violation of his constitutional rights. In other words, there are no facts demonstrating that this was done wrongfully or without a legitimate reason. Without more, the allegation does nothing to raise his right to relief above the level of speculation. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

For these reasons, the claims against Sheriff Marshak, Jail Administrator Short, Sergeant Dennis, and Corporal Crew for failing to provide a safe and humane environment must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Garrette Bellew's claims against Sheriff D. Marshak, Jail Administrator Brenda Short, Sergeant Dennis, and Corporal Crew are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on Officer Gullett in his individual capacity as to Bellew's claim of excessive force.

10

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2022.